9029/PMK
CICHANOWICZ, CALLAN, KEANE,
VENGROW & TEXTOR, LLP
61 Broadway, Suite 3000
New York, New York 10006-2802
(212) 344-7042
*Attorneys for Defendant*
NIPPON YUSEN KAISHA d/b/a NYK LINE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BROTHER INTERNATIONAL CORPORATION,<br><br>                                         Plaintiff,<br>         - against -<br><br>NIPPON YUSEN KAISHA d/b/a NYK LINE<br><br>                                         Defendants. | 07 CV 7045 (Judge Castel)<br><br>ECF CASE<br><br>**ANSWER** |

Defendant NIPPON YUSEN KAISHA d/b/a NYK LINE (hereinafter "NYK"), by its attorneys Cichanowicz, Callan, Keane, Vengrow & Textor, as and for its answer to the complaint, alleges upon information and belief as follows:

1.      Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 1.

2.      Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 2.

3.      Admits that defendant NYK is a foreign corporation with an agent located at 300 Lighting Way; Secaucus, NJ 07094 and that defendant NYK is a vessel operating common carrier as defined by the Shipping Act of 1984 as amended by the Ocean

Shipping Reform Act of 1998 and except as so admitted denies the allegations contained in paragraph 3.

4. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 4.

5. Admits that on or about May 7, 2005, container CLHU4621306, in external good order and condition, was shipped from Zhuhai, China to Hong Kong aboard the vessel MV PAN CHING 8 for transshipment from Hong Kong to Los Angeles aboard the NYK AQUARIUS pursuant to the terms and conditions of NYK bill of lading NYKS479149797 and, except as so admitted, denies the allegations contained in paragraph 5.

6. Admits that the MV PAN CHING 8 arrived at Hong Kong on or about May 8, 2005 and that container number CLHUI4621306 was discharged and stored at the discharge terminal yard prior to loading aboard the MV NYK AQUARIUS for transport to Los Angeles pursuant to NYK bill of lading NYKS479149797.

7. Denies the allegations contained in paragraph 7.

8. Admits that cartons of sewing machines were transferred from container CLHUI4621306 into container number NYKU6068049 and, except as so admitted, denies the allegations contained in paragraph 8.

9. Admits that on or about May 22, 2005, container number NYKU69068049 was loaded aboard the vessel MV TA CHUNG No. 18 and transported back to Zhuhai. China.

10. Denies the allegations contained in paragraph 10.

11. Denies the allegations contained in paragraph 11.

12. Denies the allegations contained in paragraph 12, except admits non-payment.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

13. The shipments in question were to be carried from a foreign port to a United States port pursuant to a bill of lading contract and were, therefore, subject to the United States Carriage of Goods by Sea Act (46 App. §1300 et. seq.) (hereinafter COGSA).

14. Defendant claims the benefit of all exceptions, exemptions and limitations contained in the bill of lading contract and the aforesaid statute to the full extent they may be applicable to it.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

15. Plaintiff's liability, if any, is limited to $500.00 per package pursuant to 46 USCA App. 1304(5).

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

16. Defendant claims the benefit of all exceptions, exemptions and limitations contained in the U.S. Harter Act (46 App. §190 et. seq.) and the general maritime law of the United States to the full extent they may be applicable to it.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

17. Defendant NYK is not liable since the loss alleged in the complaint occurred as a result of perils, dangers, and accidents of the sea or other navigable waters, COGSA Section 4(2)(c) and/or an act of God, COGSA Section 4(2)(d) and/or without the actual fault and privity of NYK or its agents or servants, COGSA Section 4(2)(q).

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

18.  Cargo was carried pursuant to a bill of lading contract which provided that all actions against the carrier should be brought before the Tokyo District Court in Japan to the exclusion of the jurisdiction of any other courts.

19.  This case should be dismissed on the basis of the aforesaid jurisdiction clause contained in the bill of lading contract.

**WHEREFORE**, Defendant NYK prays that the complaint be dismissed together with costs and disbursements incurred in the defense of this action.

Dated: New York, New York
October 2, 2007

        CICHANOWICZ, CALLAN, KEANE,
        VENGROW & TEXTOR, LLP
        61 Broadway, Suite 3000
        New York, New York 10006

        *Attorneys for Defendant*
        EVERGREEN MARINE CORP.
        (TAIWAN) LTD.

By:    s/ Paul M. Keane

        Paul M. Keane (PMK-5934)

To:  Martin Casey
     CASEY & BARNETT, LLC
     317 Madison Avenue, 21st Floor
     New York, New York 10017

## CERTIFICATE OF SERVICE BY REGULAR U.S. MAIL AND BY ECF

The undersigned declares under penalty of perjury that the following is true and correct:

1. I am over the age of eighteen years and I am not a party to this action.

2. On October 2, 2007, I served a complete copy of NYK LINE'S Answer to plaintiff's complaint, by regular U.S. mail and by ECF, to the following attorneys at their ECF registered address and at the following address:

To: Martin Casey
CASEY & BARNETT, LLC
317 Madison Avenue, 21st Floor
New York, New York 10017

*Amanda Magri*
Amanda Magri

DATED:  October 2, 2007
        New York, New York